IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM NEHRT,**

    **Plaintiff,**

-vs-                                   Case No.  17-cv-129-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

    **Defendants.**

_____

**IRMA COLEMAN, et al.,**

    **Plaintiffs,**

-vs-                                   Case No.  17-cv-130-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

    **Defendants.**

_____

**JOHN ROSENSTEEL, et al.,**

    **Plaintiffs,**

-vs-                                   Case No.  17-cv-131-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

    **Defendants.**

_____

**NICHOLAS SKAGGS, II, et al.,**

    **Plaintiffs,**

-vs-                                   Case No.  17-cv-132-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

    **Defendants.**

_____

**KENNETH LLOYD DRAVLAND, JR.**

     **Plaintiff,**

-vs-                                                          Case No. **17-cv-133-DRH**

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

     **Defendants.**

## SCHEDULING AND DISCOVERY ORDER

     The Court held a scheduling conference with the parties on April 24, 2017 regarding cases *Nehrt v. AstraZeneca Pharmaceuticals, LP, et al.*, 17-cv-129; *Coleman, et al., v. AstraZeneca Pharmaceuticals, LP, et al.*, 17-cv-130; *Rosensteel, et al., v. AstraZeneca Pharmaceuticals, LP, et al.*, 17-cv-131; *Skaggs II, et al., v. AstraZeneca Pharmaceuticals, LP, et al.*, 17-cv-132; and *Dravland v. AstraZeneca Pharmaceuticals, LP, et al.*, 17-cv-133. At the conference, it was apparent the parties did not agree on many deadlines. To progress the litigation, the Court informed the litigants that it would prepare a Scheduling and Discovery Order by the following day, unless the parties could work together and create a mutually agreed upon order. On April 25, 2017, as the Court was preparing to docket its order, the parties e-mailed certain agreed upon discovery dates. The dates submitted by the parties have been incorporated here, displacing the Court's chosen dates.

     Having considered the information presented at the conference and submissions from all plaintiffs and defendants regarding the non-agreed upon discovery dates and protocols, the Court now enters the following order.

### Litigation Hold

     At the scheduling conference, counsel for each defendant indicated that his or her client has responded promptly to Rule 26 by voluntarily placing a

company-wide litigation hold on relevant documents and data. The plaintiffs state they have a custom and practice of doing so.

In addition to the defendants' voluntary undertakings, the defendants are formally ordered by the Court to hold and preserve any of the following items as they can be interpreted relevant to the products which are the subject of this litigation from the time those products first entered the research and development phase throughout this litigation:

> Any documents, data, files, computers, materials, emails, text messages, custodial files, letters, governmental reports, expert reports, testing data, testing results, complaints, adverse event reports, NDAs and supporting documentation, and any and all documentation of any description as broadly interpreted as that.

In addition to the plaintiffs' voluntary undertakings, the plaintiffs are formally ordered by the Court to hold and preserve:

> All medical records, notes, journals and diaries of relevant information, all medical billing and pharmacy records, all receipts showing purchases of subject matter products, all computers and hard drives which contain any medical information or data containing any information about doctors' visits or information relevant to the claims made in the complaints on file in this court.

## **Presumptive Trial Date**

Despite many inconsistencies between the parties' proposed scheduling and discovery orders, counsel did manage to agree, pursuant to SDIL-LR 16.1, to assign a "Track D" to these five cases. However, Rule 16.1(a) makes it clear that the judge assigned to a case will track the case and assign a presumptive trial month based on the range of dates established by that track. It further states that "only proposed class actions will be assigned to Track 'D.'" Logically then, these five cases cannot be set on Track D.

Given the complexity of this litigation, the Court assigns **Track C** to each of these cases and will utilize the upper end of the Track C range of 15 – 18 months for setting a presumptive trial month. Thus, the presumptive trial month is set for **August of 2018**. The specific trial date shall be set on or before the final pretrial conference and incorporated into the final pretrial order (when required by the presiding judge) per Rule 16.1.

**<u>Meet and Confer Requirement</u>**

All parties are required to meet and confer prior to filing any motion pertaining to any discovery disputes or any motions not otherwise scheduled on this order. The concept of meet and confer requires a good faith effort by all parties. Clearly, the Court cannot order a party to abandon a principle or a position that it believes in or pursues because it feels to do otherwise will prejudice it or place it at a strategic disadvantage. However, refusing to negotiate or give up ground on a position that is not to a party's true disadvantage is bad faith. The Court certainly reserves the right to sanction bad faith.

Likewise, parties negotiating in good faith for a reasonable period of time for the matter at hand with some activity taking place on each day - four or five business days on a minor discovery matter and ten to fifteen days on more major issues such as a deposition protocol - must then understand that unless an agreement is imminent, they need to take the issue to the Court to decide.

**<u>Protective Order and Electronically Stored Information Order</u>**

The parties reported at the scheduling conference that they have been negotiating for some period of time on orders that would govern the issues of how to handle documents and other data that require confidentiality and the protocols for electronically stored information ("ESI"). They are close, but the parties mentioned delays due to attempts to construct orders that will be used across all judicial forums. It makes sense to create uniform orders, but by the same token, even though these are foundational orders they are common place and used in

litigation of any size. When the Court tried to draw defendants out to make an argument that an ESI order in this litigation was more unique than standard practice, counsel let stand the Court's suggestion that this order, like most, would be habitually boilerplate and a small percentage, say ten to twenty percent, unique to this litigation. Regarding deadlines for these orders, the plaintiffs wanted the deadlines for the orders to be this Friday, April 28, 2017, and the defendant's by next Friday, May 5, 2017.

The Court will split the difference and the deadline for an agreed upon Protective Order and ESI Order is **Wednesday, May 3, 2017.** These orders are in fact foundational and the parties need to begin prompt work on the discovery in this matter.

### Discovery, General

a) Production of ESI by the AstraZeneca defendants shall begin **June 2, 2017**. Production by the remaining defendants shall begin by **June 16, 2017**. Completion of ESI production shall be done by **December 1, 2017**, with supplementation thereafter as required for discoverable matters. Defendants to supply a certification of completeness on **December 1, 2017** and every 60 days thereafter in each case until the case is called for trial and then one week prior to trial.

b) Plaintiff to serve interrogatories and requests to produce on defendant on or before **June 1, 2017**.

c) Defendant to serve interrogatories and requests to produce on plaintiffs on **June 1, 2017**.

d) Discovery deadline: **April 30, 2018**.

### 30(b)(6) Depositions

a) Plaintiff to have topics to defendants by **May 1, 2017**.

b) Initial depositions to be completed by **June 7, 2017**.

### Other Depositions

a) Plaintiffs' deposition to be taken no later than **November 17, 2017**.

b) Defendants' deposition to be taken no later than **December 15, 2017**.

c) Depositions of non-expert witnesses shall be completed on or by: **February 8, 2018**.

d) Plaintiffs' Rule 26 expert reports shall be due on **March 7, 2018**.

e) Defendants' Rule 26 expert reports shall be due on **March 21, 2018**.

f) Depositions of expert witnesses shall commence on **March 26, 2018**.

g) Depositions of expert witnesses shall be completed no later than **April 16, 2018**.

## Pleadings

a) Deadline to amend pleadings, including to add third party defendants, **July 21, 2017**.

b) Dispositive motions are due no later than **April 20, 2018**, with responses due no later than **May 15, 2018**. Replies, if allowed due to exceptional circumstances, due by **May 21, 2018.**

## Rule 702/Daubert, If Applicable

Should *Daubert* motions be appropriate, they should be filed no later than **April 20, 2018**. Responses to *Daubert* motions are due no later than **May 15, 2018**. Replies, if any and can state exceptional circumstances, due by **May 21, 2018**.

## Final Pretrial Conferences

Final pretrial conferences will be held in all five of these cases on **July 9, 2018.** At that time, the Court will determine the trial dates for these cases if it hasn't already done so.

## Trial

The trial of the first case will be no earlier than **August 28, 2018**.

**General matters**

The Court will meet from time to time for in person status conferences with counsel for the parties. Each side may designate a lead or representative counsel but must authorize that counsel to act for that party in the event some dispute is argued for the purpose of attaining a ruling.

The Court does not have available time immediately prior to the deadlines in early June and so will set the next conference at a time to be determined in the afternoon of **June 15, 2017**, so that if there are any problems with the early milestone issues, the Court can deal with them. However, either in early June or any other time in this litigation, the parties may always request a telephone conference, or an in person conference should the need arise, and the Court will arrange one at its earliest availability. At the June conference, the Court will set the next conference with consultation with the parties.

Amendment of this scheduling order, while not encouraged, is not precluded should any party have appropriate reason upon filing a written motion after conferring with all other counsel and advising the Court of the positions of each. The motion shall also state how many times the movant has requested an amendment of the schedule.

It is so **ORDERED** this 25th day of April, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.04.25 16:58:45 -05'00'

UNITED STATES DISTRICT JUDGE